JENNIE MOSELEY MURRAY v. F. M. PLYLER et al.

(Filed 1 May, 1940.)

**Insurance § 48—Complaint held to allege indemnity contract under which no liability attaches to insurer prior to final judgment against insured.**

Where the complaint alleges that defendant insured's taxicab was covered by a policy obligating defendant insurer to pay any final judgment recovered against insured on account of injuries resulting from the operation of the cab, the facts alleged disclose that the insurance contract is an indemnity bond, notwithstanding plaintiff's characterization of the policy as a "liability contract," and no liability thereunder is imposed upon insurer prior to final judgment against insured, and defendant insurer's demurrer should have been sustained in plaintiff's action to establish liability for personal injuries sustained as the result of the alleged negligent operation of the cab.

APPEAL by defendants from *Johnston, Special Judge,* at Special Term, 8 January, 1940, of MECKLENBURG.

Civil action to recover damages for personal injuries.

Plaintiff alleges that on 12 August, 1939, while crossing West Trade Street in the city of Charlotte, she was injured by the negligent operation of a taxicab, driven at the time by F. M. Plyler as agent and employee of W. S. Croft, trading as White Hood Cab Company. She further alleges that pursuant to an ordinance of the city of Charlotte, the operator procured from the Pennsylvania Casualty Company "a policy of liability insurance" and duly deposited the same with the city clerk, "which said policy obligated the defendant, Pennsylvania Casualty Company, to pay any final judgment recovered against the defendant, W. S. Croft, . . . on account of injuries . . . resulting from the operation of the taxicab," etc.

The policy is not made a part of the complaint, while the city ordinance is.

INSURANCE CO. *v.* UNEMPLOYMENT COMPENSATION COM.

The Pennsylvania Casualty Company interposed a demurrer on the ground (1) that the complaint does not state facts sufficient to constitute a cause of action against it, and (2) that, if a cause of action be stated, there is a misjoinder of parties and causes. The other defendants moved to strike from the complaint all references to casualty insurance. The demurrer was overruled and the motions to strike denied. From these rulings the defendant appeals, assigning errors.

*McDougle & Ervin for plaintiff, appellee.*
*Gover & Covington and Hugh L. Lobdell for defendants, appellants.*

STACY, C. J. As no final judgment has been recovered against the operator of the taxicab which injured the plaintiff, the obligation of the Pennsylvania Casualty Company "to pay any final judgment recovered against the defendant, W. S. Croft," etc., as alleged in the complaint, has not yet arisen. Hence, the ruling on the demurrer will be reversed on authority of *Petty v. Lemons, ante,* 492, with observation similar to the one there made that the plaintiff may apply to the court below under C. S., 515, for leave to amend her complaint, if so advised.

Reversed.